# UNITED STATES EX REL. HOLMEAD *v.* BARNARD.

WRIT OF PROHIBITION; EMINENT DOMAIN.

1. The writ of prohibition cannot be made to serve the purpose of a writ of error or certiorari. It cannot issue unless it it clearly made to appear that the inferior court is about to exceed its jurisdiction (following *United States ex rel. Morris* v. *Scott,* 25 App. D. C. 88) : nor will it be issued, ordinarily, where the complaining party has another substantial remedy.

2. A petition for the writ of prohibition to compel the lower court to refrain from confirming a verdict assessing damages and benefits in a proceeding to open and extend a public highway, claiming that the proceedings were inconsistent with the decision of this court on a former appeal in the same matter, was *denied* on the grounds that it was not clearly shown that the court was exceeding its jurisdiction, and that the petitioner had a more beneficial remedy by way of appeal.

No. 270.   Original.

On April 11, 1907, *Mr. Leo Simmons* and *Mr. Samuel Maddox* submitted to the Court an *ex parte* petition by the United States, at the relation of Alice G. Holmead, for the writ of prohibition.

On April 12, 1907, the petition was dismissed, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

This is a petition for a writ of prohibition to compel one of the justices of the supreme court of the District of Columbia to refrain from taking any action to confirm a verdict returned by a special jury in a proceeding to assess damages and benefits in the matter of opening and improving a street in the city of Washington.

It appears that certain questions involved in the general pro-ceeding for the opening of said street, instituted several years ago under the act of Congress providing therefor, were deter-mined by this court on a former appeal;* and it is alleged that the subsequent proceedings, resulting in the verdict aforesaid, were inconsistent with the opinion of this court delivered on the decision of the appeal mentioned, and in excess of the ju-risdiction of the district court. From the history of the said proceedings, as set out in the petition, the soundness of this contention does not certainly and clearly appear. The most that can be said is that it is a matter of some doubt. The writ of prohibition cannot be made to serve the purpose of a writ of error or certiorari to correct mistakes of an inferior court in de-ciding any question of law and fact within its general juris-diction. The writ cannot issue unless it is clearly made to ap-pear that the inferior court is about to exceed its jurisdiction. *Smith* v. *Whitney,* 116 U. S. 167, 176, 29 L. ed. 601, 603, 6 Sup. Ct. Rep. 570; *United States ex rel. Morris* v. *Scott,* 25 App. D. C. 88. Nor will the writ be issued, ordinarily, where the complaining party has another substantial remedy. *Smith* v. *Whitney, supra; Re Cooper,* 143 U. S. 472, 495, 36 L. ed. 232, 239, 12 Sup. Ct. Rep. 453; *Ex parte Gordon,* 104 U. S. 515, 519, 26 L. ed. 814; *Re Rice,* 155 U. S. 396, 403, 39 L. ed. 198, 201, 15 Sup. Ct. Rep. 149. Aside from the matter of doubt whether the court in this instance is about to exceed its jurisdiction, the petitioner has a substantial remedy through her right of appeal from any judgment confirming the said verdict. The remedy by appeal is more beneficial, because it enables every question that may be involved in the case to be brought in re-view.

In this view it would serve no useful purpose to enter a rule against the respondents to show cause. The petition is there-fore dismissed with costs.                              *Dismissed.*